GARY M. RESTAINO
United States Attorney
District of Arizona
MATTHEW C. CASSELL
Assistant U.S. Attorney
Colorado State Bar No. 38157
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: Matthew.Cassell@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>v.<br>Geovanny Emmanuel Hernandez,<br>Defendant. | CR-22-1856-004-TUC-JGZ-EJM<br><br>RESPONSE TO DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT |

Plaintiff, United States of America, by its attorneys undersigned, hereby submits the following response to the defendant's Objections to Paragraphs 44 and 46 of the Presentence Investigation Report (PSR).

1. The defendant objects to paragraph 44 of the PSR's recommendation that the Court apply a four-level enhancement to his offense level based on his offense involving the purchase of 24 firearms, pursuant to U.S.S.G. §2K2.1(b)(1)(B). The government respectfully requests the Court sustain this objection, as the parties entered into a plea agreement where the government stipulated to only a two-level enhancement for the number of guns the defendant straw purchased.

2. The defendant also objects to the PSR's recommendation that the Court apply a three-level enhancement to the defendant's offense level based on his "management or supervisory" role in the offenses, which "involved five or more participants or was

otherwise extensive," pursuant to U.S.S.G. §3B1.1(b). The defendant argues that his guideline sentencing range should be 15-21 months (based on a total offense level (TOL) 12 and criminal history category (CHC) III), and that his sentencing range under the plea should be time served to 15 months. The government respectfully requests the Court overrule this portion of the defendant's objection. The government's position is that the defendant's TOL should be 14, which results in a guideline sentencing range of 21-27 months and a plea sentencing range of time served to 21 months.

3. It is obviously clear that "the criminal activity involved five or more participants," as there are five co-defendants in this matter. The defendant does not contest this in his objection, which means the sole disagreement is over whether "the defendant was a manager or supervisor (but not an organizer or leader)" of the conspiracy. The only application note that covers this issue is Note 4:

> In distinguishing a leadership and organizational role from one of mere management or supervision, titles such as "kingpin" or "boss" are not controlling. Factors the court should consider include the exercise of decision-making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy. This adjustment does not apply to a defendant who merely suggests committing the offense.

4. The defendant suggests the government must prove his role by clear and convincing evidence, because the three-level offense level difference has "an extremely disproportionate impact on the sentence." As mentioned above, the difference between the defendant's argument and the government's is two levels (TOL 12 versus 14) and six total months (0-15 months versus 0-21 months). Two levels and six months is hardly a

disproportionate impact. The defendant correctly cites to a few Ninth Circuit cases that stand for the idea that an increase of four or more levels or a sentence that doubles is necessary for the standard to change from preponderance to clear and convincing. See *United States v. Valle*, 940 F.3d 473 (9th Cir. 2019), *United States v. Jordan*, 256 F.3d 922, 930 (9th Cir. 2001), *United States v. Valensia*, 222 F.3d 1173 (9th Cir. 2000), and *United States v. Gonzales*, 492 F.3d 1031 (9th Cir. 2007). The government agrees with the defendant's summary of the standards required by the case law he cites. However, given the actual difference in overall outcomes, two levels and six months, it is clear that the disparity here does not rise to the level required for an enhanced standard of proof. In *Valensia*, the Court held that *two* two-level enhancements and "far less than a 100% increase in the sentenced authorized" were not enough to warrant a change in burden. The Court should require the government to prove the defendant's aggravated role by a preponderance of the available evidence. 222 F.3d at 1182.

5. Paragraph 36 of the PSR states, rather accurately, that the defendant "had complete knowledge of the entire conspiracy and directed the other participants (directly and indirectly) in the purchase of 24 firearms throughout Arizona." This direction included providing directions and cash to the other straw purchasers and determining which firearms dealers to purchase from.

6. The defendant spends much of his objection disagreeing with factual assertions made in the PSR and shifting blame to others in the conspiracy, specifically Ramon Zambrano. The defendant is clearly minimizing his own criminal actions when the statements of his co-conspirators and other witnesses show just how extensive the defendant's role was in the conspiracy. Alan Martinez-Marquez and Fernando Carrillo both identify the defendant as the one who directed them in the conspiracy. Martinez-Marquez's description of the defendant's actions is particularly damning: the defendant drove him to

the dealers, supplied money for the purchases, and then would send the firearms to the next-level of the conspiracy, a man named Juan Garcia., and then he would take a cut of the proceeds for firearms he didn't even purchase. Why would the defendant do this if he wasn't a manager or supervisor in the conspiracy? Similarly, Carrillo told agents that the defendant supplied him with money for the straw purchases and chose which dealers from which they would purchase the firearms. These statements alone support the three-level enhancement, as they show he recruited accomplices, planned and implemented offenses, and had a decision-making authority that the others followed. *U.S. v. Savoie*, 985 F.2d 612 (1st Cir. 1993). The defendant barely mentions them in his objection, arguing that Carrillo was only involved in one transaction (which is true) and that Martinez-Marquez is trying to protect Zambrano, who the defendant argues is the real leader of the group.

7. Not satisfied with attacking his co-conspirators, the defendant then goes after the case agent, who he claims is misstating the evidence against him. The defendant continues by attacking the wording of the indictment, to which he has already pled guilty, and the evidence against him, which we can only believe convinced him to make this decision, leaving the government to ask: if the indictment is so faulty and the evidence so deficient, why are we preparing for a sentencing hearing and not for trial?

8. The defendant seems to argue that his not being present for some of the gun purchases is a smoking gun supporting his lack of involvement in the conspiracy, of which Zambrano is the leader. As the Court is well aware, as the defendant's attorney, it is not at all necessary for a person to be physically present to have a leadership role in a conspiracy.

///

///

WHEREFORE, for the reasons stated above, the government respectfully requests the Court grant the defendant's objection in part and deny it in part and find the defendant's guideline sentencing range to be 21-27 months and his sentencing range to be time served to 21 months.

GARY M. RESTAINO
United States Attorney
District of Arizona

/s/ Matthew C. Cassell

MATTHEW C. CASSELL
Assistant United States Attorney

Copy of the foregoing served electronically
or by other means this 22nd day of March, 2024, to:

Michael L. Brown, Esq.
Attorney for defendant