GARY M. RESTAINO
United States Attorney
District of Arizona
MATTHEW C. CASSELL
Assistant U.S. Attorney
Colorado State Bar No. 38157
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: matthew.cassell@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>v.<br>Geovanny Emmanuel Hernandez,<br>Defendant. | CR-22-1856-004-TUC-JGZ-EJM<br><br>SENTENCING MEMORANDUM |

Now comes the United States of America, by and through its attorneys undersigned, and submits the following regarding the above-captioned defendant's sentencing:

1. The matter is set for sentencing on March 29, 2024.

2. On February 7, 2022, agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) learned from the Sportsman's Warehouse in Tucson that Ramon Zambrano and Alan Martinez-Marquez purchased AK-style rifles in cash. Upon investigating Zambrano and Martinez-Marquez, ATF agents learned the defendant purchased at least six firearms on his own and that he was an instrumental part of a gun trafficking conspiracy that supplied 24 fireams to unknown persons. Most of the firearms were 7.62x39mm caliber (AK-47 type) rifles from various federally licensed firearms dealers throughout Arizona. In connection with these purchases, the straw purchasers would complete and sign ATF Form 4473, the firearm transaction record required by federal law to be completed and kept in the records of a federally licensed firearms dealer to document every purchase of a firearm. On March 1, 2022, two of the 7.62x39mm caliber rifles

purchased by the Ramon Zambrano were recovered in a firearms seizure in Navajoa, Sonora, Mexico, one of the biggest seizures of firearms in the history of that state.

3. Upon interviewing other members of the conspiracy, agents learned the defendant played a leadership role in this five-person gun trafficking group. Zambrano stated that he bought his weapons with the intent to sell them and that the defendant drove him to the dealers. Martinez-Marquez told agents the defendant drove him to dealers, supplied money for firearms purchases, and then supplied those firearms to Juan Garcia, who was the next level of the conspiracy. Martinez-Marquez further told agents that the defendant took a cut of the proceeds for firearms that Martinez-Marquez purchased. Fernando Carrillo, who had a limited number of purchases, told agents that the defendant supplied him with money for the straw purchases and chose which dealers from which they would purchase the firearms. Agents approached the defendant, who ceased straw purchasing once the agents instructed him to.

4. On August 24, 2022, a Tucson federal grand jury indicted the defendant and four others on 23 total counts, including conspiracy and straw purchasing of 24 total firearms. The indictment charges the defendant with all 23 counts. On June 28, 2023, the defendant pled guilty to counts 3, 4, 9, 16-17, and 23 of the indictment pursuant to a written plea agreement.

5. The government has reviewed the probation department's presentence investigation report (PSR) and disposition report and has only one additions or correction to make to the factual statements or guideline/criminal history calculations. This relates to the four-level enhancement the probation department proposes in paragraph 44 of the PSR, which is one of the two subjects of the defendant's objection, filed on March 8, 2024 (ECF 228). As stated in the government's response, dated March 22, 2024 (ECF 233), the defendant's guideline sentencing range should be 15-21 months, based on a total offense level 12 and criminal history category III. The PSR correctly states in paragraph 4 that the defendant's sentence shall not exceed the low end of the defendant's applicable guideline range. However, page paragraph 102 and page 24 of the PSR incorrectly state that the plea

agreement calls for the defendant to be sentenced to his guideline sentencing range under the plea. The probation department recommends ten months of incarceration.

6. 18 U.S.C. § 3553(a)(1) states that when imposing a sentence, a court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." The sentence imposed shall reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to further criminal conduct, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2). The sentence imposed shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records, who have been found guilty of similar conduct." 18 U.S.C. §3553(a)(6).

7. Pursuant to the 18 U.S.C. § 3553(a) factors, the government respectfully requests the Court accept the parties' plea agreement and sentence the defendant to 12 months and one day of incarceration, to be followed by three years of supervised release. The defendant was one of two central cogs in an international firearms conspiracy, he provided money, direction, and logistical support for the conspiracy. The Court has already sentenced the other central member of the conspiracy, Ramon Zambrano, to 12 months and one day of incarceration. The defendant's sentence should be close to that sentence. On one hand, the defendant's role in the conspiracy surpassed that of Zambrano, but on the other, it was Zambrano who introduced the defendant to the enterprise, and the defendant also deserves credit for ceasing his illegal actions once he was told to by ATF agents. The government will further explain its position at the sentencing hearing, currently set for March 29, 2024.

/ / /

Respectfully submitted this 22nd day of March, 2024.

GARY M. RESTAINO
United States Attorney

/s/ Matthew C. Cassell

MATTHEW C. CASSELL
Assistant United States Attorney

Copy of the foregoing served electronically
or by other means this 22nd day of March, 2024, to:

Michael L. Brown, Esq.
Counsel for defendant